Green, J.
delivered the opinion of the court.
The affairs of a state cannot be administered in the most beneficial manner, if it has not the right, upon particular occasions,fof Appropriating to its' own use, portions of the property subject to its dominion.— The necessary existence of this right, creates a fair pre *52 sumption, that the state, in granting the land to individual citizens, does it with this reserve implied. This right of disposition is the eminent domain. Vattel, lib. 1, ch. 20, sec. 244. But although this right does éxist, and the government may take private property, allowing just compensation, Blackstone says it is an exertion of power which is indulged with great caution. It is only for public uses the state is authorized to exercise it; and because the interests of the community require that for the good of the whole, the private right must be yielded. Bill of Rights, sec. 21. It is a power never exercised for the benefit of an individual. Therefore the courts have uniformly held, that the state has no right to take one man’s property and give it to another. 2 Dallas, 310.
Upon these principles, the act of assembly of 1777, ch. 23, proceeds. The 1st section of that act declares, that “every water grist mill which shall hereafter be built, that shall at any time grind for toll, shall be held and deemed, and is hereby declared to be a public mill.” The 10th section provides, that the miller shall grind according to turn; that he shall grind the grain well, if water will permit; that- he shall take no more than an eighth of the grain for grinding; and prescribes penalties if he violate any óf these provisions. The 11th section prescribes the kind of measures the miller shall keep, and annexes a penalty for keeping false measures. The act of 1819, ch. 23, following up the intention and meaning of the act of 1777, ch. 23, exempts the keepers of grist mills from militia duty, from serving as jurors and working on roads.
I quote these provisions of the law to show the character of the use for which the citizen’s property is taken, when a part of his land is condemned for the purpose of building a grist mill. It is emphaticallya public use for which it is required, and to which it is appropriated. The grist mill is a public mill. The miller is *53 a public servant. He is allowed a compensation for 1 , __ , . ... ■ 1 .. grinding. His duties as a miller, are prescribed, and penalties are imposed for a violation of any of those duties; and he is exempted, in consequence of his character of miller, and for the benefit of the public, from the performance of certain duties to which other citizens are subjected.
It will appear from what has been said, that when an acre of land is taken from any citizen for the purpose of erecting a grist mill, although the title be vested in another citizen, yet that vestiture is for a public use, and is wholly different from the case of taking property from one man and giving it to another for his private benefit .only.
The question now occurs; is this application of the character contemplated by the act of 1777, ch. 93? I think it is not. The petitioners say they are desirous to build a gristmill, saw mill and paper mill. For the erection of these works they ask leave. For these purposes they ask to have Harding’s land vested in them. The saw mill and paper mill have no public character; the erection of these mills would be wholly for the private use of these petitioners. To take Harding’s land for such use, would be unconstitutional. The act of 1777, ch. 23, contemplates no such violation of the rights of one man for the private benefit of another. «Had the application been confined to the saw mill and paper mill, no one could for a moment hesitate in rejecting it. Does the’ jntroduction of the grist mill, thereby asking the land for these complicated purposes, alter the case? In my opinion, the application is entitled to no more favor, than if nothing were said about the grist mill. If an application of this sort were granted, a like application for the erection of iron works, or any other establishment requiring water power, might be made, and would be entitled to equal favor, provided the applicant, as a pretext, were to associate a grist mill with his *54 other works. Thus the grist mill, the only thing mentioned in the act of assembly as having any claim to he of a public character, would be made the subterfuge for vesting in one' citizen the land of another, and of giving to the whole establishment, of which it would be but an inconsiderable appendage, the high appellation of a public mill. This would be mocking the citizen, who would thus be despoiled of his land to enrich another. It would be holding out the idea, that his land was taken for public use, and that the public exigencies required it; when in fact, this was only used as a pretext for obtaining the land for private emolument. I conclude therefore, that this application is not authorized by the act of assembly, and that the county court had no power to grant it.
The license from Hurt, has nothing to do with this proceeding. If the petitioners have any rights in virtue of that agreement, they must seek a remedy, either by bill, or in an action for damages. It cannot be noticed in this way. This is. a special proceeding under the act of assembly, and must be determined upon that act alone.
Petition dismissed.